IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                                  CRIMINAL NO. 5:12-cr-9(DCB)(LRA)

STEPHANIE ODOMS                                          DEFENDANT

<u>ORDER</u>

This cause is before the Court on the defendant's Motion to Change Method by which Balance of Sentence is Served **(docket entry 82)**. Having carefully considered the defendant's motion, and being fully advised in the premises, the Court finds as follows:

The defendant seeks a modification of her sentence to allow her to serve the remainder of her sentence on home confinement. Once a prison sentence is imposed on a defendant, the designation of the place of imprisonment is left entirely to the discretion of the Bureau of Prisons ("BOP").  18 U.S.C. § 3621(b).

Section 3621(b) vests in the BOP the sole discretion as to the designation of a federal prisoner's place of confinement, including home confinement.   Other than by successfully appealing her underlying conviction, the only avenue by which a defendant may effectively circumvent the BOP's placement authority is by seeking a sentence modification pursuant to 18 U.S.C. § 3582(c).  However, a court may only modify a term of imprisonment under one of three circumstances:

(1) upon motion by the Director of the BOP;

(2) where modification is expressly permitted by statute or by Fed.R.CrimP. 35; or

(3) where a defendant was sentenced under a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).  See 18 U.S.C. § 3582(c).

Because Congress has enacted no other statute providing alternative grounds for sentence modification, Rule 35 supplies the only alternative to satisfying the second condition set forth in § 3582(c).  However, Rule 35 designates only two narrow bases for a sentence reduction: (a) to correct clear error, or (b) on motion by the government because the defendant has provided substantial assistance to the government.  Fed.R.Crim.P. 35(a)-(b).

Ms. Odoms does not argue that any of the enumerated grounds apply to her motion.  She urges the Court to modify her sentence to allow home confinement so that she may be with her family. However, after her sentence was imposed, Ms. Odoms became subject to the custody and placement decisions of the BOP.  The Court has no control over the BOP's decisions, and has no authority to modify a defendant's sentence except as enumerated above.  Ms. Odoms' request would be better directed to the BOP, although there is no guarantee that it would be granted.

Accordingly,

IT IS HEREBY ORDERED that the defendant's Motion to Change

Method by which Balance of Sentence is Served **(docket entry 82)** is DENIED.

SO ORDERED, this the 13th day of August, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE